case number twenty four forty one Castillo v. Oâ±Malley Mr. Moran, whenever you're ready. May it please the court, good morning. I represent the plaintiff in this action Elaine Castillo suffers from depression, anxiety, OCD and migraines. In this case the commissioners decision warrants remand on three grounds. First, the ALJ failed to properly evaluate the medical opinion evidence, failed to adequately address evidence related to the persuasiveness of the opinions from the treating and the examining mental health specialists under the commissioners regulations. Relatedly, the ALJ failed to rely on sufficient opinion evidence or other substantial evidence to support the RFC found. Secondly, the ALJ to properly evaluate the claimants subjective statements regarding the severity of her impairments. She failed to give appropriate reasons for discounting the plaintiffs allegations as to the severity of her impairments under 16-3P of the Social Security rulings. Finally, the remand is required to consider the new material evidence submitted to the appeals council that relates to the period of issue and could reasonably change the ALJ's decision. With respect to argument one, Your Honor, the ALJ failed to properly evaluate the opinions of long time treating doctor, Dr. Perez, who at time of the decision had treated the claimant for over six years and social worker Rodriguez under 404-1520C, the ALJ is instructed not to give controlling weight to any medical opinion but must consider supportability and consistency. Here, the ALJ erred by discounting detailed- Mr. Moran, with regard to that in particular, you're acknowledging that there's no sort of requirement to give controlling weight to treating physicians, but in terms of ALJ's rejection of certain parts of that, I mean, the ALJ did refer to the mental status examinations and other parts of the record in terms of saying why certain weight was given to the treating physicians versus the consulting physicians. It seems like you are still trying to suggest that the fact that the treating physicians having known her, Ms. Castillo, longer and all of that, that that should inherently result in their opinions being given more weight. Is that- Well, Your Honor, I think that it's been the longstanding position of this court, citing Burgess, Estrella, for example, of the importance of the treating physician's opinion due to their unique perspective as to that condition. The treating physician is present with the claimant, talks to the claimant, is making observations about the claimant in terms of treatment, and is treating the claimant over an extended period of time. So they have a unique position to do an evaluation. So although the regulations don't require that they be given controlling weight, I think in this circumstance, the ALJ did not fully address the supportability and the consistency of these opinions. First of all, the ALJ calls the treating opinions persuasive. They're required to articulate the persuasiveness of the opinion, and she indicates that the opinions of Dr. Perez and social worker Rodriguez are persuasive to the extent that they are consistent with Dr. Goldstein. Now, Dr. Goldstein had a limited examination of the claimant, reviewed zero records, okay? But still, the ALJ or rather the treating sources found moderate limitations. The ALJ said that that was persuasive. The treating sources in this case defined those moderate limitations, which Dr. Goldstein did not do. The treating source indicated that the moderate limitations would affect the claimant's ability to maintain concentration, persistence, and pace up to one-third of the workday. Also, which the vocational expert indicated would be work-perclusive. Also, the treating physician indicated that the claimant would have moderate limitations, meaning up to one-third of the time in maintaining their emotions in a workplace and showing and keeping a regular schedule, which also according to the vocational expert in this case, Dr. Perez's opinion was persuasive to the extent that it was consistent with Dr. Goldstein. Dr. Goldstein indicated that the claimant had moderate limitations, but didn't define what moderate means. So it can mean whatever the ALJ wants it to mean, okay? In this case, how can you say that the opinion is supported by substantial evidence if it is based on the opinion of someone that examined the claimant once and doesn't define what they mean when they say that the claimant has moderate limitations? The court, for the sake of argument, if we say that the ALJ's RFC, which indicated that the claimant was limited to unskilled work, satisfied the concentration, persistence, and pace finding of a moderate limitation, it certainly doesn't address Dr. Goldstein's opinion that the claimant had moderate limitations in regulating emotions consistent with the two treating sources. The ALJ's RFC assessment limited it more than that. She said low stress, simple, repetitive tasks with limited social interaction. There was some limitations regarding the level of terrain and heights and things like that. But why isn't that sufficiently specific to address the limitations that the ALJ actually acknowledged? Well, first of all, the ALJ, the opinion is based on the opinion of the examining source that doesn't define what moderate means. But also, the limitations don't account for the ALJ's, for the claimant's acknowledged by Dr. Goldstein limitations in regulating their emotion and maintaining a regular schedule. That portion of the RFC wasn't accounted for by the ALJ. And that is the opinion of Dr. Goldstein, that there were moderate limitations, although undefined, as to maintaining a regular schedule and maintaining emotions in the workplace. That's not addressed anywhere in that RFC. Now, I would also note that the claimant's migraines weren't fairly addressed throughout the record. She indicates that she experiences migraines. She reports same to her treating psychiatrist. She was examined by Dr. April, a neurologist. Dr. April noted that the claimant had an MRI exam, which showed increased white matter, which was consistent with migraine headaches. And he was of the opinion that she was, as a result, she would be off task more than allowed, as per the vocational expert. And finally, your honor, the ALJ failed, or rather, the commissioner failed to address the well thought out and complete opinion of Dr. Reiser that was submitted by the appeals council in which Dr. Reiser reviewed all of the medical evidence and provided an opinion that was inconsistent with full-time work. And if that opinion was properly assessed, I think that it would be fair to say that the decision here would have to be reversed. So for these reasons, your honor, I think that the claimant is entitled to a remand in this case. Thank you, counsel. Good morning, your honors. May it please the court, Molly Carter for the commissioner of social security. The ALJ agreed that Ms. Castillo had significant mental limitations that limited her from performing her past work. Specifically, the ALJ agreed that Ms. Castillo was limited in areas including task complexity, dealing with changes, social interaction, and work pace. Ms. Castillo's disagreement is with the degree of limitations assessed, but substantial evidence supports the ALJ's RFC finding, and this court should affirm. Can I just ask you, the one place in the RFC that I do wonder if there's a gap is on this question of regular work attendance. And the physicians and examiners who gave specific information about this either said that she would be, she'd be likely to miss more than two to three days of work per month, which the vocational expert said would be disqualifying for the types of jobs for which she's eligible. And even the physicians, including Dr. Goldstein, who did not give a specific number of days, did express that she would have, you know, moderate limitations in her ability to maintain regular work attendance. And it's true he does not describe what moderate means, but if we take the one third and all of that, it could mean certainly this two to three days. And the RFC doesn't, I don't believe, address that, the work attendance that everyone either said, you know, she's going to miss two to three days a month, or they said something that there's moderate limitations. And so that's something that's concerning, I guess, to me. Sure, your honor. So it's important to note that they are two different things. So the treating sources did indicate a specific number of days per month in their opinions that they opined that Ms. Castillo would miss. And the ALJ explained that to the extent that they assessed greater limitation, greater than moderate limitations, or episodes of decompensation, which presumably would contribute to that, out those absences, that those were not consistent with the record and not supported by the treatment notes. But the ALJ doesn't address attendance, work attendance, does it? So in evaluating the opinions, the ALJ isn't required to speak about every specific limitation that's in an opinion from a source. The regulations at 20 CFR 404.15.20C subsection B1 indicates that the ALJ will address all opinions from a treating source in one analysis. So in this case, Dr. Perez, for example, gave three separate opinions throughout the period at issue, and the ALJ addressed all of those in one paragraph, which is what the regulations require, and the ALJ wasn't required to go through each limitation in those opinions. As far as the moderate limitations indicated by Dr. Goldstein, this court has interpreted moderate limitations in areas including attendance and concentration as consistent with the ability to sustain unskilled work. There's cases cited in our brief, for example, Rushford and Valdez-Ocasio. And so that's what the ALJ did here. The ALJ explained at page 48 in discussing Dr. Goldstein's those moderate limitations were consistent with the RFC assessed, which did include limitations on the type of work day and work week that Ms. Ocasio would have to sustain. So for example, she's limited to only simple, routine, repetitive tasks, work that is goal-oriented without a production pace rate, only occasional changes, only occasional decision making and judgment. Those are all limitations on the type of work she has to sustain, the type of tasks she has to attend to. So if the universe of work is a completely normal work day with no mental limitations whatsoever, her universe that she has to sustain and attend to is quite limited. Moreover, the RFC is further supported by the assessment of Dr. Kameen, who reviewed the record in February of 2021, and that included Dr. Goldstein's opinion, Dr. Perez's treatment notes, and two of her opinions, as well as some of the treatment notes from Ms. Rodriguez and Ms. Yonker. And Dr. Kameen specifically found that Ms. Ocasio could perform the basic demands of unskilled work. So the RFC, including the ability to sustain full-time work, is supported by that opinion from Dr. Kameen and his review of about two and a half years worth of record evidence. I'm puzzled by what moderate is supposed to mean. Mr. Moran suggests that because the Perez and Rodriguez opinions were on a form, apparently drafted by a law firm, that defines moderate as this being potentially disrupted for as much as one-third of a work day, which sounds, I don't know how you'd call it, but I mean, it could be a lot worse than that, and therefore it would be marked or extreme or something. I don't think that's inconsistent with the definition of moderate. Dr. Goldstein says moderate and doesn't define it, and you're suggesting that moderate is interpreted by us as a term of art meaning not bad enough to disqualify somebody from unskilled work? And of course, the ALJ thought they were consistent because they both said moderate. Well, I would disagree that the ALJ thought they were consistent. The ALJ said that she was accepting the Perez and Rodriguez opinions to the extent they were consistent, and I think said sort of to wit that they found only moderate where they found only moderate. Well, she said to the extent that they were consistent with Dr. Goldstein's opinion. I do want to point out, as Your Honor alluded to, the forms were created by the law firm that represents Castillo, and so they adopt, they used a particular definition of moderate that is not the same definition that the commissioner uses. There's a definition. Do we know that Dr. Goldstein follows the commissioner's definition? We don't, but the important piece is that there was no requirement that the ALJ adopt the definition from the law firm. The ALJ specified. No, the ALJ doesn't have to. I'm not saying the ALJ has to adopt any definition of anything. I'm just saying what the ALJ said was these opinions are accepted to the extent they are consistent, and they are consistent to the extent they both say moderate, but of course, if Dr. Goldstein does not define moderate and Dr. Perez and Ms. Rodriguez define moderate, then if they're consistent, I don't know how to interpret that other than they're both talking about the same thing. I think we can tell for three reasons, Your Honor, that the ALJ didn't think they were talking about the same thing, and one is that the ALJ had first talked about Dr. Goldstein's opinion at page 48 and said that the record supported no more than moderate mental limitations and that the ALJ was interpreting moderate as consistent with the limitations in the RFC at page 48, and then at page 50 goes on to say that Dr. Perez's opinion is consistent to the extent that it applies as to moderate limitations consistent with Dr. Goldstein's examination, and then further says that contrast those opinions with record evidence showing that Ms. Castillo can do the demands of unskilled work, which brings us to the third point, which is Dr. Kameen's assessment, which also assessed moderate limitations in various areas in the same categories, reviewed Dr. Goldstein's opinion as well as Dr. Perez's opinion and her treatment notes, and concluded more specifically that Ms. Castillo could do the basic demands of unskilled work, and those were the types of limitations that the ALJ ultimately adopted in the RFC, which is, of course, what is actually an issue. If the ALJ had said in the RFC she has moderate mental limitations, I agree, we would be very confused as to what she meant, but luckily that's not what we have. The ALJ assessed a very specific RFC as detailed in the decision and in our brief, and the fact that the ALJ at the three places that I articulated showed that she was not interpreting moderate to mean the same thing that the form that Dr. Perez filled out meant, and that she was interpreting moderate to support in addition to the treatment status findings, and again Dr. Kameen's assessment, which specifically translated those moderate limitations into the ability to sustain unskilled work. We know that the ALJ was finding persuasive Dr. Kameen's and Dr. Goldstein's opinion, and only partially persuasive Dr. Perez's opinions, in that they did, of course, assess some limitations in those areas which the ALJ agreed to, but did not assess further limitations. If your honors have no further questions, I will rest on my brief and ask that you affirm. Thank you, counsel. With respect to this issue of moderate limitations, first I would note that when we talk about the law firm forms, we're charged representing the claimant to get a residual functional capacity assessment in vocational terms from the claimant's treating doctor. The Social Security Administration uses similar forms where they define what they mean by these different terms. That was not done in this case. Moreover, in terms of the forms, if you review the forms, you will see that the doctors provided the claimant's diagnosis, they provided information, specific information as to the claimant's symptoms over time. So it's not just a checkbox form which defines moderate, which this administration, which this court has indicated historically, these terms of moderate is essentially meaningless and less defined. The term could have been defined. The ALJ found the opinion to be persuasive using the form. The form was in the record. That was the basis for it. And moderate has to mean something. And the ALJ did not account for that moderate limitations as indicated by their own examiner. Their own examiner found that there were moderate limitations in the ability to complete a work week and to regulate emotions. And the ALJ ignored that. The moderate limitations as to concentration, persistence, and pace could arguably be accommodated by the fact that he was limited to unskilled work. But the other limitation was not RFC. And that requires remand. Thank you. Thank you, counsel. Thank you both.